IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MELINDA S. COOK,**

    **Plaintiff,**

v.                                                             **Civil Action No. 3:06-CV-12**
                                                                     **(Judge Bailey)**

**JO ANNE BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. No. 14] dated November 27, 2006, and the petitioner's corresponding Objections [Doc. No. 16] filed on December 11, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed finding and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation [Doc. No. 14]** should be, and is, **ORDERED ADOPTED**.

On February 1, 2006, the plaintiff, Melinda Cook, filed her Complaint [Doc. No. 1]

seeking judicial review of a decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). In petitioner's Statement of Errors [Doc. No. 11], the petitioner argues that the Administrative Law Judge (ALJ) erred in rejecting the opinion of Dr. Cerra as internally inconsistent; that the ALJ failed to follow the remand order of the Appeals Council by giving very little weight to the opinion of Dr. Cerra and finding that Dr. Cerra's reports were internally inconsistent; and that the ALJ erred in finding that Ms. Cook is capable of substantial gainful activity. The ALJ found that the petitioner was not disabled under the Social Security Act because she could perform other specific, low-stress, sedentary work in the national economy, and that her physical and psychological problems are not severe enough to prevent her from doing so. Thereafter, the defendant filed a Motion for Summary Judgment [Doc. No. 12]. In support of the Motion, defendant contends that there is sufficient evidence to support the findings of the ALJ that plaintiff retains the residual functional capacity to perform routine, low-stress, sedentary work.

After review of the above, Magistrate Judge Kaull filed his Report and Recommendations [Doc. No. 14]. After evaluating the record as a whole, Magistrate Judge Kaull concluded that there is "substantial evidence [to] support[ ] the Commissioner's decision denying Plaintiff's applications for DIB [disability insurance benefits] and for SSI [supplemental security income]." R & R at 36.

On December 11, 2006, the claimant filed her objections to the Report and Recommendation [Doc. No. 16]. There, claimant objects to the Magistrate Judge's findings and argues that: the ALJ's analysis of the petitioner's medical records was incorrect; Dr. Cerra's report of October 28, 2004, was not duplicative and cumulative and, therefore, was new evidence; and that the petitioner is not capable of substantial gainful activity.

Plaintiff objects to the Magistrate's analysis of the medical records from Dr. Cerra, and to the finding that the October 28, 2004, report was duplicative. First, plaintiff notes that the ALJ accepted into the record submissions made five days after the record closed, but omitted Dr. Cerra's October 28, 2004, report submitted eight days after the record closed. Plaintiff argues that, because the records submitted five days late were accepted by the ALJ, the records submitted eight days late also should have been accepted. The ALJ gave the plaintiffs some leeway by accepting the records submitted on November 5, 2004, five days after the record closed. However, that does not require that he accept additional records that were mailed on November 8, 2004.

Furthermore, this Court concurs with the Magistrate's finding that the report was duplicative, rather than new, evidence. As stated in **Wilkins v. Secretary**, 953 F.2d 93 (4th Cir. 1991), the Fourth Circuit determined that evidence is new "if it is not duplicative or cumulative . . . [e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id*. at 96. As Magistrate Judge Kaull stated, "[a] comparison of those reports shows that Dr. Cerra found in the October 28, 2004, report that some [of] Plaintiff's limitations improved, some did not change, and some became worse; however the degree of change was not significant." R & R at 27. For the reasons more fully stated in the R & R, this Court concurs with the finding that the October 28, 2004 report is not new and material evidence.

Finally, the Court concurs with the finding that the plaintiff is capable of substantial gainful activity. Plaintiff argues that the severity of her psychiatric problems coupled with her physical complications prevent her from gainful activity. However, plaintiff has expressed that she is able to make "basic routine daily decisions." R & R at 34. She had

stated that she "had no issues with interpersonal interaction with supervisors or co-workers." R & R at 31. Plaintiff had displayed no psychotic symptoms, her thought processes where intact, and her "concentration, memory, and social abilities were normal." R & R at 34. This Court finds that there are a substantial number of jobs available regionally which would be consistent with plaintiff's job accommodations: a sit-stand option and no fine manipulation with her hands. As for the psychological problems, the ALJ found Dr. Cerra's opinion to be inconsistent with plaintiff's own statement and her actions. This Court accepts the Magistrate's finding that there are significant jobs in the national and regional economy that consist of "unskilled, low stress, one-two step tasks, with routine repetitive processes, that require[ ] entry level work, involving primarily things instead of people." R & R at 35.

In light of the above, it is clear to the Court that the findings of the ALJ are supported by substantial evidence. As indicated by the Report and Recommendation, the **Court FINDS that the claimant does not meet the requirements for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 401-403, 1381-1383f.**

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. No. 14], the Court **ORDERS** as follows:

1. The **Report and Recommendation of the Magistrate Judge [Doc. No. 14] is ORDERED ADOPTED**;

2. **Defendant's Motion for Summary Judgment [Doc. No. 12]** is

       **GRANTED**;

3.      **Plaintiff's Statement of Errors [Doc. No. 11]** is **DENIED**;

4.      This action is **DISMISSED WITH PREJUDICE** and is to be **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record.

**DATED:**    November 2, 2007.

*/s/ John Preston Bailey*
JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE